WALTER J. ROTHSCHILD, Judge.
12Plaintiff, Christel Williams, appeals from a summary judgment rendered in favor of defendants, thereby dismissing plaintiffs suit. For the reasons stated herein, we affirm the trial court’s judgment.

Factual and Procedural History

On November 18, 2005, plaintiff filed the present lawsuit for breach of contract and damages against defendants A Day to Remember Invitations, L.L.C. (a/k/a A Day to Remember a/k/a A Day to Remember Garden Club), and Dawn Waterhouse. Plaintiff alleged that on July 19, 2005, she entered into a contract and rental agreement with defendants to rent their facility for her birthday party which was to be held in Jefferson Parish on October 1, 2005. She alleged that she tendered a down payment in the amount of |s$400.00 to defendants on July 20, 2005, and paid the remaining balance of $1,900.00 on August 8, 2005.[1]
Plaintiff alleged that due to the effects of Hurricanes Katrina and Rita which struck the area on August 29, 2005 and September 24, 2005, respectively, she was forced to evacuate and relocate to Houston, Texas. She alleged that the mandatory evacuation continued through October 1, 2005, and she was therefore unable to participate in her birthday party scheduled for that date at defendant’s facility. She thus sought return of full value of the contract.
Defendants initially brought an exception of no cause of action which was denied by the trial court. Defendants then filed an answer to the petition and also reconvened against Ms. Williams to recover attorney’s fees expended in this litigation as provided for in the agreement between the parties. Defendants subsequently brought a motion for summary judgment arguing that plaintiff failed to prove that she would be able to sustain her burden of proof on trial of the merits and that defendants are therefore entitled to judgment as a matter of law.
*32 Plaintiff filed an opposition to the defendants’ motion arguing that discovery was not yet complete as there was an outstanding motion for protective order as to a discovery request. Plaintiff also attached to the opposition copies of the declarations of a state of emergency and all extensions issued by the Parish of Jefferson on August 27, 2006, September 19, 2006 and September 26, 2006.
14The matter was heard by the trial court on May 9, 2006. By judgment rendered on May 24, 2006, the trial court granted defendants’ motion for summary judgment. On motion of plaintiff, the trial court assigned reasons for judgment on June 20, 2006. Plaintiff now appeals from this judgment.

Law and Discussion

Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hosp., 639 So.2d 730, 750 (La.1994); Moody v. United Nat'l Ins. Co., 98-287 (La.App. 5 Cir. 9/29/98), 743 So.2d 680, writ denied, 98-2713 (La.12/18/98), 734 So.2d 639.
An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
The rules governing summary judgments are found in La.C.C.P. art. 966 and 967. A motion for summary judgment shall only be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The summary judgment procedure is favored under our law. Ross v. Conoco, Inc., 02-0299 (La.10/15/02), 828 So.2d 546.
The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to | ¡produce evidence of a material factual dispute mandates the granting of the motion. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, 609-610. When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967.
The record in this case contains the contract and rental agreement executed by the parties on July 19, 2005. Both parties rely on Paragraph 4 of the agreement, which provides in pertinent part as follows:
4. This agreement is subject to labor troubles, strikes, accidents, government (federal, state or municipal) action, disruption of supplies and other acts of God, whether enumerated herein or not, beyond the control of the management, preventing or interfering with performance. If the foregoing prevents ADRGC from fulfilling this contract, all payments made by Renter will be refunded to Renter and neither party shall have any further liability.
In their motion for summary judgment, defendants argue that this provision of the agreement requires plaintiff to prove that defendants were unable to fulfill the terms *33 of the contract. Defendants submitted several affidavits, including one from Dawn Waterhouse, the owner of the business, which stated that A Day to Remember Garden Club was open and fully staffed on the scheduled date of the party, October 1, 2005, and was therefore able to fulfill the terms of the contract. The affidavits also state that plaintiff declined defendants’ offer to reschedule her party on a later date or to transfer the party to a family member. Plaintiff failed to produce any evidence which contradicted these affidavits, and she did not submit her own affidavit disputing any of the assertions made by defendants’ witnesses.
|r,In granting the summary judgment, the trial court cited plaintiff’s failure to submit any affidavits or other evidence that defendants’ facility was not open or capable of fulfilling the contract and agreement on October 1, 2005. Applying the above-cited law and standard of review, we find that the trial court’s ruling is correct.

Continuance

Plaintiff first argues that the grant of the Motion for Summary Judgment was premature because they did not have adequate time to complete discovery. However, the mere contention of an opponent that he lacks sufficient information to defend a summary judgment motion and that he needs additional time to conduct discovery is insufficient to defeat the motion. Bass Partnership v. Fortmayer, 04-1438 (La.App. 4 Cir. 3/9/05), 899 So.2d 68, 73, citing Crocker v. Levy, 615 So.2d 918 (La.App. 1 Cir.1993). Further, there is no absolute right to delay trial court’s consideration of a summary judgment motion until discovery is completed; rather, the trial judge has discretion to issue a summary judgment or to require further discovery. See, Orillion v. Alton Ochsner Medical Foundation, 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063, 1065, citing, Smith v. Estrade, 589 So.2d 1158 (La.App. 5 Cir.1991). Absent peremptory causes, the decision to grant or deny a continuance is within the sound discretion of the trial judge whose ruling will not be disturbed on appeal absent a clear showing of abuse of that discretion. Douglas v. Shabuba, Inc., 38,260 (La.App. 2 Cir. 5/12/04), 874 So.2d 377, 380.
In support of the motion for continuance, plaintiff argued that counsel did not receive a copy of defendants’ motion until April 25, 2006 and that the summary judgment hearing was set for May 9, 2006. Plaintiff also [-relied upon the fact that during this time, defendants’ had filed a motion for protection order regarding the taking of depositions.
Although plaintiff filed an opposition to the motion for summary judgment, she claimed at the hearing that she had not been able to depose Dawn Waterhouse or the other affiants who stated that defendants’ facility was open on the date of the scheduled party and that plaintiff declined an offer to reschedule the event or to transfer it to a family member. The trial court noted during the hearing on this issue that although plaintiff alleged that the deposition of these witnesses was necessary to resolve the factual issues, plaintiff had not submitted her own affidavit in opposition to the summary judgment which presumably would have placed defendants’ factual issues in dispute. We find that plaintiff had sufficient time to conduct the necessary discovery in this case. Our review of the record fails to show that the trial court abused its discretion in denying plaintiffs’ motion to continue in this case.

Summary Judgment

Plaintiff next contends that defendants could not have fulfilled their contract because they were not open on the date of *34 the party, October 1, 2006. Plaintiff also contends that the trial court prematurely granted summary judgment in this case where there was reasonable doubt as to whether the party could have been held on the scheduled date. However, the law is well-settled that once the moving party presents an absence of factual support for one element of the non-moving party’s claim, the burden shifts to the non-moving party who may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial.
|RIn the present ease, plaintiff will have to prove at a trial of this claim that defendants failed to fulfill the contract to host a party for plaintiff on October 1, 2005. However, in support of their motion for summary judgment, defendants submitted several affidavits of individuals who stated they had personal knowledge of defendants’ business and further stated that defendants’ facility was open and fully staffed on October 1, 2006. The affidavits also stated that defendants’ facility reopened after Hurricane Katrina on September 18, 2005 and did not close for Hurricane Rita. Further, the affidavits stated that although defendants offered to reschedule plaintiffs event, plaintiff declined this offer.
Although plaintiff disputes the content of these affidavits, the record indicates that she failed to submit an affidavit or any other evidence which would have placed any of these facts at issue. The only evidence offered by plaintiff was copies of the emergency orders of Jefferson Parish indicating that the parish was under a state of emergency from August 27, 2005 until November 16, 2005. However, this evidence fails to indicate that defendants’ facility was not open on October 1, 2005, and fails to show that defendants could not have fulfilled their contract with plaintiff on that date.
Although we recognize that the area surrounding defendants’ facility was adversely affected by Hurricanes Katrina and Rita, we are nevertheless bound by the well-settled law regarding summary judgments. We have carefully reviewed the record in this matter, and we fail to find any genuine issue of material fact as to whether the hurricanes or the ensuing emergency orders prevented defendants from fulfilling the terms of the contract in question. Further, defendants’ evidence that plaintiff declined their offer to reschedule was uncontroverted.
| ^Accordingly, we conclude that plaintiff is not entitled to a refund of the contract price and that defendants are entitled to a judgment as a matter of law. The summary judgment rendered by the trial court in favor of defendants A Day to Remember Invitations, L.L.C. (a/k/a A Day to Remember a/k/a A Day to Remember Garden Club) is correct and is hereby affirmed.

AFFIRMED.

WICKER, J., dissents.

. The record indicates that the base price of the contract was $2,500.00 for 100 persons. The record also shows that plaintiff paid a “non-refundable deposit” in the amount of $100.00 on the date the contract was signed, July 19, 2005.