DESELLE MILTON-GUSTAIN AND DONELL GUSTAIN

VERSUS

THE SALVAGE STORE, INC. AND COVINGTON SPECIALTY INSURANCE COMPANY

NO. 19-CA-42

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 775-278, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING


October 02, 2019


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.


**AFFIRMED**
    **JGG**
    **JJM**

**DISSENTS WITH REASONS**
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLANT,
DESELLE MILTON-GUSTAIN AND DONELL GUSTAIN
Raynique Keelen

COUNSEL FOR DEFENDANT/APPELLEE,
THE SALVAGE STORE, INC. AND COVINGTON SPECIALTY INSURANCE
COMPANY
Paul D. Palermo
Craig V. Sweeney

**GRAVOIS, J.**

In this slip and fall case, plaintiffs, Deselle Milton-Gustain and Donell Gustain, appeal a summary judgment granted in favor of defendants, The Salvage Store, Inc. and its insurer, Covington Specialty Insurance Company (collectively, "The Salvage Store"), which judgment dismissed the Gustains' claims for damages with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On the morning of September 8, 2016, the Salvage Store located in Harahan, Louisiana, opened for business at 8:30 a.m. Mr. and Mrs. Gustain arrived at the store between 8:30 and 9:30 a.m. to do some shopping. After shopping in the store for approximately fifteen to twenty minutes, Mrs. Gustain headed to the produce section when she allegedly encountered an "oily, slippery substance" located on the floor near a wooden crate, which substance allegedly caused her to slip and fall and sustain injuries to her neck and back.

On August 23, 2017, the Gustains filed suit against The Salvage Store seeking damages as a result of Mrs. Gustain's fall. In their petition, the Gustains alleged that The Salvage Store and its employees knew or should have known that customers would regularly encounter the unknown substance when entering the store, and that, absent some kind of warning, customers would unlikely be able to notice the substance because it appeared to be the same color as the floor. The Gustains further alleged that The Salvage Store breached its duty to keep the premises clean and safe from defects and hazards, and from exercising due care under the circumstances. The Gustains asserted they were entitled to damages pursuant to the premises liability principles under La. C.C. arts. 2317 and 2317.1, as well as under the merchant liability statute, La. R.S. 9:2800.6.

1

The Salvage Store answered the Gustains' petition for damages on October 2, 2017 and discovery commenced. During a December 28, 2017 status conference, the parties stipulated to a discovery cutoff date of October 1, 2018.

The Salvage Store moved for summary judgment on August 6, 2018, asserting that the Gustains' claim was governed by La. R.S. 9:2600.6, which sets forth the burden of proof for a plaintiff in a claim against a merchant for damages due to a fall on the merchant's premises. The Salvage Store argued that no genuine issues of material fact existed and that the Gustains could not meet their burden to prove that The Salvage Store created or had actual or constructive notice of the allegedly unreasonably dangerous condition which caused Mrs. Gustain to slip and fall as required under La. R.S. 9:2800.6. Specifically, The Salvage Store argued that the Gustains could not establish the temporal element of La. R.S. 9:2800.6 as, based on their deposition testimony, they had no evidence to establish exactly what was on the floor where Mrs. Gustain fell, where the alleged substance came from, and how long it was present on the floor prior to her fall, nor whether The Salvage Store employees knew or should have known of the substance prior to her fall.

The Gustains filed an opposition to the motion for summary judgment, asserting that genuine issues of material fact existed as to how long the substance was present on the floor prior to Mrs. Gustain's fall, and whether The Salvage Store had actual or constructive notice of the condition prior to her fall. In support of their opposition, the Gustains attached numerous exhibits, the bulk of which were objected to by The Salvage Store and excluded from evidence by the Court.[1] The Gustains averred that the written statement by one of The Salvage Store's former employees, Nelda Ardis—whom the Gustains were "awaiting to depose"—

---

[1] The Gustains have not raised the admissibility of the excluded exhibits as an issue on appeal, which exhibits included The Salvage Store's responses to requests for production of documents propounded by the Gustains, the notice of deposition for Nedra Ardis, a letter, and unidentified emails.

created a genuine issue of material fact precluding summary judgment. In its December 4, 2017 responses to discovery propounded by the Gustains, The Salvage Store provided the name and last known address of Ms. Ardis, as someone who was "known to or believed" to be a person with information or knowledge of the facts regarding Mrs. Gustain's slip and fall, and as someone who had provided a written statement concerning the incident. The Gustains claimed that Ms. Ardis's statement created a genuine issue of material fact as to whether The Salvage Store had constructive notice of the substance.[2] Ms. Ardis was alleged to have been in the vicinity of Mrs. Gustain at the time of her fall and to have actually witnessed the incident.[3]

At the hearing on The Salvage Store's motion for summary judgment on September 25, 2018, counsel for the Gustains argued that because a motion to compel the deposition of Ms. Ardis had been filed and was set to be heard on October 22, 2018, the Gustains should have been given the opportunity to depose Ms. Ardis prior to the hearing on the motion for summary judgment. Despite no motion for a continuance having previously been filed by the Gustains, the trial court inquired of counsel for The Salvage Store as to whether defendants were amenable to continuing the hearing on the motion for summary judgment until after Ms. Ardis's deposition could be taken. Noting that five Salvage Store employees had already been deposed, none of whom provided any positive evidence that The Salvage Store had actual or constructive notice of the alleged slippery substance in which Mrs. Gustain allegedly slipped and fell, and further

---

[2] The Gustains attached a copy of Ms. Ardis's written statement as part of Exhibit "E" to their opposition to The Salvage Store's motion for summary judgment. The trial judge specifically excluded Exhibit "E," which contained The Salvage Store's responses to requests for production of documents propounded by the Gustains, and thus, Ms. Ardis's written statement was not considered by the trial court in ruling on the motion for summary judgment. As noted earlier, the Gustains did not appeal the exclusion of this evidence.

[3] According to the record, the Gustains noticed the deposition of Ms. Ardis for May 3, 2018. After failing to perfect service of the notice on Ms. Ardis, the Gustains filed a second notice of deposition set for July 9, 2018, and sought service through a special process server. Ms. Ardis, who was ultimately served with notice, failed to appear on July 9, 2018 for her deposition. Consequently, on August 27, 2018, the Gustains filed a motion to compel Ms. Ardis's deposition, which was not set for hearing until October 22, 2018.

averring that the Gustains' pending motion to compel had not been properly served upon Ms. Ardis, defendants were not agreeable to a continuance. Thus, the hearing continued on and at its conclusion, based upon the admissible deposition testimony and documentary evidence presented, the trial court granted summary judgment in favor of The Salvage Store.

The trial court issued a written judgment on October 24, 2018, granting The Salvage Store's motion for summary judgment, dismissing the Gustains' claims, with prejudice, finding that the Gustains "failed to prove that defendant, The Salvage Store, Inc., had actual or constructive knowledge of the alleged unreasonably dangerous condition as required by La. R.S. 9:2800.6." The instant appeal ensued.

## ASSIGNMENT OF ERROR/ISSUE PRESENTED FOR REVIEW

The sole assignment of error/issue presented for this Court's review is whether the trial court committed reversible error by prematurely granting The Salvage Store's motion for summary judgment and dismissing the Gustains' suit when the Gustains did not have the opportunity to conduct adequate discovery. Specifically, the Gustains argue that they were deprived of a fair opportunity to prepare their case because at the time The Salvage Store's motion for summary judgment was granted, the trial court had notice that the Gustains' motion to compel the deposition of Ms. Ardis was pending.

## LAW AND ANALYSIS

### Summary Judgment

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof

4

at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1).

On appeal, our review of summary judgments is *de novo* under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. *Landry v. Leson Chevrolet Company, Inc.*, 17-665 (La. App. 5 Cir. 6/16/18), 250 So.3d 360, 365. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Breaux v. Fresh Start Properties, L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852. A decision as to the propriety of a grant of summary judgment must be made with reference to the substantive law applicable to the case. *Bach v. Bd. of River Port Pilot Comm'rs*, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362.

## *Merchant Liability Law – La. R.S. 9:2800.6*

The parties argued below and before this Court that the substantive law applicable to this case is La. R.S. 9:2800.6. La. R.S. 9:2800.6(B) sets forth the burden of proof for a plaintiff in a claim against a merchant for damages due to a fall on the premises, to wit:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the

burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(C)(1) defines "Constructive notice" as follows:

C.(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

In *Hazelett v Louisiana-1 Gaming*, 16-297 (La. App. 5 Cir. 12/21/16), 210 So.3d 447, 451-52, this Court recently stated the following concerning the burden of proof in a slip and fall case against a merchant, to wit:

… [I]n a slip and fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. *Burns v. Sedgwick Claims Mgmt. Servs.*, 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 152: *Sheffie v. Wal-Mart Louisiana, LLC*, 13-792 (La. App. 5 Cir. 2/26/14), 134 So.3d 80, 83-84, *writ denied*, 14-0881 (La. 6/20/14), 141 So.3d 813. The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. *Foster v. Pinnacle Entm't, Inc.*, 16-8 (La. App. 5 Cir. 4/27/16), 193 So.3d 288, 295; *Upton v. Rouse's Enter., LLC*, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1199, *writ denied*, 16-0508 (La. 5/13/16), 191 So.3d 1057. The merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1086. There is no provision in La. R.S. 9:2800.6 that permits a shifting of the burden to the merchant. *Id.*

To determine whether a condition is unreasonably dangerous, courts are required to consider the following factors in the risk-utility test: (1) the utility of the complained of condition, (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition, (3) the cost to prevent the harm, and (4) the nature of the plaintiff's activities in terms of social utility or

whether the activities were dangerous by nature. *Bufkin v. Felipe's La. LLC*, 14-288 (La. 10/15/14), 171 So.3d 851, 856.

In addition to proving that the condition presented an unreasonable risk of harm that was reasonably foreseeable, the plaintiff must also prove that the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence. *Upton*, 186 So.3d at 1200. When constructive notice is at issue, the claimant must come forward with positive evidence showing that the damage causing condition existed for some period of time, and that such time was sufficient to place the merchant on notice of its existence. *Id*. at 1200 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1082).

Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Sear v. Home Depot, USA, Inc.*, 06-201 (La. App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168. Even if contained in a deposition, such inferences, allegations, and speculation are not sufficient to satisfy the opponent's burden of proof. *Id.*

Applying these legal principles to the instant case, under La. R.S. 9:2800.6, the Gustains bear the burden of proving the existence of a condition, that the condition presented an unreasonable risk of harm, that the risk of harm was reasonably foreseeable, and that The Salvage Store either created or had actual or constructive notice of the condition which caused Mrs. Gustain's damage, prior to the occurrence. Because the Gustains must prove each element under La. R.S. 9:2800.6, their failure to prove any element is fatal to their cause of action. *Burns*, 165 So.3d at 153.

The Gustains do not contest that they have no positive evidence to establish where the clear substance in which Mrs. Gustain allegedly slipped and fell came from, how long it had been present on the floor prior to her fall, or whether The Salvage Store employees had *actual* notice of the substance prior to her fall.[4] The Gustains contend, however, that the trial court should have allowed them time to obtain the deposition testimony of Ms. Ardis—a former employee, who was

---

[4] We note that in the trial court, the Gustains argued that The Salvage Store failed to produce all of the documents requested in discovery (*i.e.*, copies of the accident report and Ms. Ardis's written statement), however, there is no evidence in the record that the Gustains ever filed a motion to compel against The Salvage Store seeking these allegedly unproduced documents.

7

located "in the vicinity of the unsafe condition" when Mrs. Gustain fell and allegedly was an eyewitness to her fall—before proceeding with the hearing on The Salvage Store's motion for summary judgment. Specifically, the Gustains speculate on appeal that the testimony of Ms. Ardis could possibly provide them with the positive evidence they need to establish that The Salvage Store had *constructive* notice of the substance on the floor prior to Mrs. Gustain's fall. And, because their motion to compel Ms. Ardis's deposition was pending at the time the hearing on the motion for summary judgment went forward, the Gustains argue that the trial court prematurely heard and granted The Salvage Store's motion for summary judgment and dismissed their case. In short, the Gustains argue that the trial court committed reversible error by depriving them of the opportunity to obtain this evidence and to properly prepare their case prior to the summary judgment hearing. Upon *de novo* review, we disagree.

This Court has previously determined that "[t]here is no absolute right to delay an action on a motion for summary judgment until discovery is completed." *Flowers v. Wal-Mart Stores, Inc.*, 12-140 (La. App. 5 Cir. 7/31/12), 99 So.3d 696, 702; *Pouncy v, Winn-Dixie Louisiana, Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 609. Rather, the trial judge has the discretion to issue a summary judgment or to require further discovery. *Orillion v. Alton Ochsner Medical Foundation*, 97-115 (La. App. 5 Cir. 5/28/97), 695 So.2d 1063, 1065, *writ denied*, 97-1725 (10/13/97), 703 So.2d 617. The mere contention of an opponent that he lacks sufficient information to defend a summary judgment motion and that he needs additional time to conduct discovery is insufficient to defeat the motion. *Williams v. A Day to Remember Invitations, L.L.C.*, 06-757 (La. App. 5 Cir. 3/13/07), 956 So.2d 30, 33. The only requirement is that the parties be given a "fair opportunity" to present their claims, and unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an

8

early stage that there is no genuine issue of material fact. *Pouncy*, 178 So.3d at 609.

"Under La. C.C.P. art. 967, a trial judge clearly has the discretion to issue a summary judgment after the filing of affidavits, or the judge may allow further … discovery to take place." *Flowers*, 99 So.3d at 702. Absent peremptory causes, the decision to grant or deny a continuance is within the sound discretion of the trial judge whose ruling will not be disturbed absent a clear showing of abuse of that discretion. *Williams*, 956 So.2d at 33.

The record in the present case reflects that this litigation commenced on August 23, 2017 with the filing of the Gustains' petition for damages. On December 4, 2017, in response to discovery propounded by the Gustains, The Salvage Store provided the name and last known address of Ms. Ardis, a former employee, as someone who was "known to or believed" to be a person with information or knowledge of the facts regarding Mrs. Gustain's slip and fall, and as someone who had provided a written statement concerning the incident. According to the record, despite having this information, the Gustains did not attempt to notice the deposition of Ms. Ardis until four months later, on April 4, 2018. The Gustains aver that, upon learning that The Salvage Store could not produce Ms. Ardis for a deposition because she was no longer its employee, "counsel begin [sic] diligently searching" for her. The record, however, belies this contention as it shows that Ms. Ardis was ultimately served with the notice of deposition on June 22, 2018, *at the same address The Salvage Store provided to the Gustains in discovery six-and-a-half months earlier.*

After Ms. Ardis failed to appear for her deposition on July 9, 2018, the Gustains filed a motion to compel her deposition on August 28, 2018, which the trial court set for hearing on October 22, 2018. Knowing at the time of filing that the hearing on The Salvage Store's motion for summary judgment, which was filed

9

on August 6, 2018, was set for hearing on September 25, 2018, the record confirms that the Gustains took no action to continue the summary judgment hearing in order that they could first take Ms. Ardis's deposition.

The record also shows that when filing the motion to compel Ms. Ardis's deposition, the Gustains did not request service of the motion on Ms. Ardis; rather, service was requested solely on The Salvage Store, whom counsel for the Gustains knew had no control over Ms. Ardis as she was no longer its employee. There is no evidence in the record to suggest that the Gustains issued a subpoena to Ms. Ardis to appear for deposition. Thus, even had the trial judge continued the summary judgment hearing until after the hearing on the Gustains' motion to compel, Ms. Ardis would not have been present, her deposition could not have been compelled, and the matter would have been even further delayed. Based upon the particular facts and circumstances presented and the record before us, we find that the trial court did not abuse its broad discretion in its determination to proceed with the hearing on The Salvage Store's motion for summary judgment prior to hearing the Gustains' motion to compel. Accordingly, we find that the Gustains' contention that they were not allowed an adequate opportunity to conduct discovery lacks merit.[5]

There is no dispute between the parties that La. R.S. 9:2800.6 governs the Gustains' burden of proof in this case. Specifically, in order to prevail, the Gustains must prove that The Salvage Store had actual or constructive notice of the alleged unreasonably dangerous condition, *i.e.*, that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6(B)(1)(2) and La. R.S. 9:2800.6(C)(1). The

---

[5] The record also reflects that The Salvage Store's motion for summary judgment came for hearing only days before the stipulated October 1, 2018 discovery cutoff date. Thus, even assuming the Gustains were successful in obtaining the deposition of Ms. Ardis, such deposition would have occurred after the expiration of the stipulated discovery cutoff date.

10

Gustains' deposition testimony confirms that they are unable to offer any positive evidence to establish where the clear substance in which Mrs. Gustain allegedly slipped and fell came from, how long it had been present on the floor prior to her fall, or that any of The Salvage Store's employees had actual notice of the substance prior to her fall. Moreover, the Gustains have produced no positive evidence to prove that The Salvage Store had constructive notice of the allegedly unreasonably dangerous condition of the floor. As previously stated, the Gustains' failure to prove any element is fatal to their cause of action. Based on the admissible testimony and evidence presented, we find that the Gustains cannot carry their burden of proving that The Salvage Store had actual or constructive knowledge of the allegedly unreasonably dangerous condition as required by La. R.S. 9:2800.6. Consequently, based upon our *de novo* review of the record, we find that no genuine issues of material fact remain and that The Salvage Store is entitled to judgment as a matter of law, and thus, the trial judge properly granted summary judgment in favor of The Salvage Store.

## CONCLUSION

For the foregoing reasons, the summary judgment granted in favor of defendants, The Salvage Store, Inc. and Covington Specialty Insurance Company, dismissing the Gustains' case with prejudice, is affirmed.

**AFFIRMED**

11

DESELLE MILTON-GUSTAIN AND
DONELL GUSTAIN

VERSUS

THE SALVAGE STORE, INC. AND
COVINGTON SPECIALITY
INSURANCE COMPANY

NO. 19-CA-42

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WICKER J., DISSENTS WITH REASONS**

I respectfully dissent. I would reverse the judgment of the trial court granting Salvage Store's motion for summary judgment on the ground that there was a lack of adequate discovery and remand for further proceedings.

Much of the focus of Salvage Store's pleadings and the hearing on the motion for summary judgment was on the "opportunity" to conduct discovery. Civil Code of Procedure Article 966(A)(3) states, "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." To show that the Gustains had an adequate opportunity, the Salvage Store focused strictly on the passage of time. Nearly two years had passed between the time of the accident and the summary judgment hearing. Roughly thirteen months had passed between the date the petition was filed and the summary judgment hearing. Most damning of all, the Gustains noticed Ms. Ardis's deposition a full four months after Salvage Store produced her name to the Gustain's as a potential witness.

The Salvage Store's focus on the time for discovery belies the key wording in the statute that the non-mover should be provided with the opportunity to

1

conduct **adequate discovery**. An analysis of an adequate discovery claim begins with four factors:

>  (i) whether the party was ready to go to trial,
>  (ii) whether the party indicated what additional discovery was needed,
>  (iii) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it, and
>  (iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment.

*Roadrunner Transportation Sys. v. Brown*, 17-0040 (La. App. 4 Cir. 5/10/17), 219 So. 3d 1265, 1272–73. These factors weigh in favor of reversing the trial court's ruling that there was an opportunity for adequate discovery in this case.

The Gustains were not ready to go to trial as they still lacked the deposition of, perhaps, *the* crucial witness in the case. Ms. Gustain asserted that one employee was stocking produce in the area right next to the allegedly hazardous condition and witnessed the slip and fall. That employee went to get the manager on duty, and both the employee and Ms. Gustain gave written statements about the event. That employee was Ms. Ardis according to the discovery that the Gustains received from Salvage Store.

In *Roadrunner Transportation Systems v. Brown*, a case involving whether an insurance policy covered product destroyed in the course of delivery, the Fourth Circuit held that there had not been an opportunity to conduct adequate discovery when the appellant had "not had the chance to undertake discovery of the party in the best position to confirm the exact cause of the loss." 219 So.2d at 1274. *See Schultz v. Cox Operating, LLC*, 2018 WL 65137, 17-0165 (La. App. 4 Cir. 1/31/18) ("This court has found summary judgment premature where the party opposing summary judgment was not afforded a reasonable opportunity to take relevant depositions prior to being required to defend against a motion for summary judgment.")

As to the second and fourth factors, the Gustains indicated exactly what additional discovery was needed, and sought the opportunity to conduct the additional discovery in the trial court before the entry of summary judgment. The lack of adequate discovery was not specifically listed as grounds for denial in the Gustains' memorandum in opposition to the motion for summary judgment. However, it was clearly stated both in the opposition and at the hearing on the motion for summary judgment that the deposition of Nedra Ardis was needed and that the Gustains' motion to compel the deposition was pending.

Upon learning that the hearing on the motion to compel was set for October 22, 2018, just a few weeks after the September 25, 2018 hearing on the motion for summary judgment, the trial court asked Salvage Store if it would object to a continuance until after the deposition. Salvage Store responded by stating that five other employees had already been deposed and that summary judgment was proper on Ms. Gustain's deposition alone because Ms. Gustain admitted that she "had no knowledge of the substance or how long it had been on the floor." Following this exchange and a dispute between the parties about whether Ms. Ardis in fact witnessed the accident, the trial court granted the motion for summary judgment.

The applicable law in this type of slip and fall case requires that the **merchant** "either created or had actual or constructive notice of the condition." La. R.S. 9:2800.6(B)(2). Common sense suggests that a certain amount of discovery is necessary to determine the extent of a merchant's knowledge or awareness of a condition. If the plaintiff was aware of the substance and exactly how long it had been on the floor before the fall occurred, Salvage Store would have a very different set of affirmative defenses, namely, open and obvious and plaintiff fault.

While it is true that the language of Article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all

3

discovery is complete, the law does require that the parties be given a fair opportunity to present their case. *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), Ltd.*, 03-1600, (La. App. 4 Cir. 3/3/04), 868 So.2d 967, 969. In construing this requirement, the Louisiana Supreme Court has held that "[u]nless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.*, 483 So.2d 908, 913 (1986).

The Gustains have shown a probable injustice in this case. The Gustains have reason to believe that Ms. Ardis is in the best position of all Salvage Store employees to provide pertinent information regarding the slip and fall. It is more probable than not that the employee who was stationed in the area where the fall occurred, and allegedly witnessed the accident first-hand, saw or knew something that other employees in the store did not.

As to the third factor, in between the filing of the motion for summary judgment on August 6, 2018 and the hearing on the motion on September 25, 2018, the Gustains filed a motion to compel the deposition on Ms. Ardis. The motion was filed on August 27, 2018. As the defendant pointed out, the Gustains did not file a motion to continue the summary judgment hearing or a motion to extend discovery deadlines (set for October 1, 2018) and did not issue a subpoena to Ms. Ardis. The Gustains also served the Salvage Store with the motion to compel instead of Ms. Ardis, which presents a problem because the Salvage Store no longer employs Ms. Ardis and cannot produce her for a deposition. The Gustains further complained that the Salvage Store failed to produce certain documents but did not move to compel the discovery before the hearing on the motion for summary judgment. In this particular case, however, the time period between the filing of the motion for summary judgment and the hearing on the motion is not the

4

only time period that is relevant since the Gustains made significant efforts to obtain the desired deposition prior to the filing of the motion.

The Gustains' efforts to obtain Ms. Ardis' deposition leads to a discussion of a fifth factor courts have also recognized that may be considered when determining whether there has been an opportunity for adequate discovery: whether discovery has been hindered by a circumstance beyond an opponent's control. *Roadrunner Transportation*, 219 So.3d at 1274; *see Bourgeois v. Curry*, 05-0211 (La. App. 4 Cir. 12/14/05), 921 So.2d 1001, 1008. In these cases, the need for additional time to conduct discovery should be "expressed in a motion to continue, motion to compel, or other pleading." *Bourgeois v. Curry*, 921 So.2d at 1008; *Roadrunner Transportation*, 219 So.3d at 1274.

The Gustains did not sit idly by and wait for the motion for summary judgment to be filed before deciding that additional discovery was needed. After receiving Ms. Ardis' name and last known address from the Salvage Store in December of 2017, the Gustains sent a notice of deposition to that address on April 4, 2018, with the intent to conduct the deposition on May 3, 2018. The Gustains were unable to serve Ms. Ardis that day and were required to apply for a special process server to serve Ms. Ardis with the notice of deposition. Ms. Ardis was served with notice, on June 22, 2018, that her deposition was set for July 9, 2018. Thereafter, Ms. Ardis failed to appear at the deposition. Ms. Ardis' failure to appear at a properly noticed deposition is not the Gustains' fault.

There were other avenues the Gustains could have taken to obtain Ms. Ardis' deposition—chief among them, issuing a subpoena requiring her deposition or serving the motion to compel on her personally. However, the failure to do so seems to be a true mistake or misunderstanding of the appropriate process and does not outweigh other relevant factors in favor of granting additional time to conduct the very limited discovery the Gustains maintain is required.

The 2015 Comments to La. C.C.P. art. 966 provide, "[a] continuance should be granted to a party who has not had adequate time to conduct discovery relating to the issues in the motion." The Gustains did not specifically request a continuance but did ask for the opportunity to take the deposition before the court considered the motion for summary judgment. La. C.C.P. art. 966(C)(2) states, "[f]or good cause shown, the court may order a continuance of the hearing." The trial court indicated that it would issue a continuance if Salvage Store did not object, but the agreement of the parties was not required. The Gustains demonstrated good cause, and the continuance should have been granted.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 2, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

MARY E. LEGNON
INTERIM CLERK OF COURT

# 19-CA-42

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
RAYNIQUE KEELEN (APPELLANT)          PAUL D. PALERMO (APPELLEE)          MATTHEW D. HEMMER (APPELLANT)
BRETT W. TWEEDEL (APPELLEE)

**MAILED**

CRAIG V. SWEENEY (APPELLEE)
ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 900
METAIRIE, LA 70002