JEAN CATHERINE DRAGNA

VERSUS

TERRYTOWN CAFE, INC. AND
ATLANTIC CASUALTY INSURANCE
COMPANY

NO. 22-C-241

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-637, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

October 05, 2022

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT**
**GRANTED; CLAIMS DISMISSED WITH PREJUDICE**
    **JGG**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
JEAN CATHERINE DRAGNA
   Robert M. Braiwick, Jr.

COUNSEL FOR DEFENDANT/RESPONDENT,
TERRYTOWN CAFE, INC. AND ATLANTIC CASUALTY INSURANCE
COMPANY
   Sarah M. Kalis

COUNSEL FOR DEFENDANT/RELATOR,
F&W SOUTHERN CORPORATION
   Thomas J. Eppling
   Michael W. Maldonado

**GRAVOIS, J.**

In this trip and call case, defendant/relator, F & W Southern Corporation, seeks this Court's supervisory review of the trial court's judgment which denied relator's motion for summary judgment. For the reasons that follow, we grant relator's writ application, reverse the trial court's judgment, grant summary judgment in favor of relator, and dismiss all claims against relator with prejudice.

## FACTS AND PROCEDURAL HISTORY

On July 27, 2020, Jean Catherine Dragna filed a petition for damages, naming as defendants Terrytown Café, Inc., and its insured, Atlantic Casualty Insurance Company, arising out of a trip and fall incident at the Terrytown Café in Gretna, Louisiana. Ms. Dragna alleged that on or about December 2, 2019, while she was a customer at the Terrytown Café, she was exiting the premises when she "slipped and fell on the threshold which was protruding above the floor level creating a hazardous condition." Subsequently, Ms. Dragna filed a supplemental and amending petition for damages, adding as a defendant F & W Southern Corporation, the owner of the subject property.

In July 2021, Terrytown Café, Inc. and Atlantic Casualty Insurance Company filed a motion for summary judgment, arguing therein that Ms. Dragna will not be able to prove multiple elements of her claims against them because she lacks factual support to establish that an unreasonably dangerous condition caused her injuries and that defendants had notice of the unreasonably dangerous condition.

On January 26, 2022, F & W also filed a motion for summary judgment, arguing therein that Ms. Dragna lacks factual support to establish that a defective condition on the property caused her fall. F & W also argued that as owner of the

property but not the operator at the time of the incident, it had no knowledge of the alleged defect.[1]

In support of its motion for summary judgment, F & W attached as an exhibit excerpts from Ms. Dragna's deposition.[2]  Ms. Dragna testified that she regularly visited the Terrytown Café for a couple of years, oftentimes three to five times a week, and was there during the early morning hours of December 2, 2019. At some point, she exited the building, without any trouble, to go next door to get money out of a nearby ATM and then returned to the Terrytown Café to play video poker.  Later, upon leaving the Terrytown Café to go home, sometime after 2:00 a.m., Ms. Dragna tripped and fell.  Regarding the trip, she stated:

Q. And based on your Petition, your lawsuit, it seems like you say you -- you fell while exiting the threshold at the cafe; is that correct?

A. Yes.  When I was leaving, going out the door, yes.

Q. Okay. And that was when you were exiting the front door of the cafe; right?

A. Yes.

* * *

Q. And so you tripped on the threshold right here (indicating)?

A. I --

Q. Or can you -- why don't you mark for me where you tripped on that threshold?

A. Well, it happened -- it happened extremely, extremely fast.

Q. Sure.

A. And, as I was walking, I tripped. And I tripped on the threshold.  I don't -- I'm not 100 percent sure if that was the first thing I tripped on.  But I know I tripped on the threshold.  I don't know if it was the rug.  I was turned -- I was turning, you know, to go leave.

---

[1] F & W stated in its motion for summary judgment that it was adopting and incorporating the factual background and legal arguments contained in Terrytown Café, Inc.'s motion for summary judgment.

[2] Both motions for summary judgment included excerpts from plaintiff's deposition. While most of the deposition pages are the same in both motions, F&W's motion contained a few less pages from plaintiff's deposition.  However, since F & W adopted the other defendants' motion for summary judgment, we will consider the deposition attachments from both motions for summary judgment.

And the reason I'm saying that is because, when I tripped, the door was closed.

Q. Okay.

A. So if the door was closed, I – the threshold, you know --

Q. Wouldn't be present?

A. Yeah. I put up both of my hands like this (gesturing).

Q. Okay.

A. And I propelled forward. I mean, when I tell you I flew forward, I'm talking flew. Hit both hands open like this on the door. And I remember, because they were red. I stung the hell out of them, on the door. The door opened and then I tripped on the threshold, which propelled me. I went off of this (indicating).

Q. That's off the sidewalk what you're pointing to?

A. Off the little walk up here.

When questioned again about what she tripped over, Ms. Dragna stated:

Q. Okay. Now, in terms of the fall, do you know what caused you to fall?

A. A trip. I tripped over something.

Q. Do you know what you tripped over?

A. The only thing that was there when I walked -- the only thing that was there in front of the door was the rug and the threshold. And it happened, like I said, very quickly. And I – I tripped before I hit the threshold. So I'm assuming I tripped on the rug. And, like I said, I had both hands up. You know, just instinct. I mean, I don't know. I didn't -- if the door would have come the other way, I would have been all right. But I hit the door. And I remember hitting the threshold with my foot because it hurt. I remember hitting it and it was, like, Oh, God.

Because I was -- I hit it so hard, I was propelled. I mean, it was like off of the edge of that thing and past when I looked around. And I was shocked at how far it had propelled me because of the proximity to the newspaper machine. I mean, the newspaper machine, it was here and I'm way -- I'm over there.

After her fall, Ms. Dragna went back inside the Terrytown Café to let an employee know that she had fallen. The manager was not there at that time, so she went home. When leaving the Terrytown Café that last time, she did not have any issues crossing the threshold. She testified that usually there is a rug in front of the door. She had never tripped over the rug/mat or the threshold before and could not

recall ever seeing anyone fall in that area. She returned the next day and spoke to the manager. The manager did not mention if anybody had fallen before, but Ms. Dragna said that a waitress who was there at the time said that they have had people trip and fall "on that thing all the time."

F & W also attached excerpts from the deposition of Lynne Songy, owner of the Terrytown Café since August 1986, in support of its motion for summary judgment. Ms. Songy testified that Terrytown Café, Inc. subleases the building from Robert Flannery. The lease and sublease, also attached as exhibits to F & W's motion for summary judgment, reveal that F &W leased the property to Robert Flannery, who then subleased it to Terrytown Café, Inc. The lease stated that Mr. Flannery would make any repairs to the property to "maintain the premises in the same condition as delivered." The sublease stated that Terrytown Café, Inc. agreed to be responsible for "all conditions, obligations, and the payment of all expenses for which sublessor is responsible in the original lease, to include, but not limited to taxes, insurance, maintenance and repair."

Like Terrytown Café, Inc. and Atlantic Casualty Insurance Company, F & W asserted that Ms. Dragna has only speculated about what caused her to trip and that is not sufficient to meet her burden at trial. Additionally, F & W argued that it had no actual or constructive knowledge of a defect in the property since it was not in custody of the property at the time of the alleged incident. F & W argued that pursuant to La. R.S. 9:3221, because it had no notice of any defective condition, it cannot be held liable.

Ms. Dragna filed an opposition to the motion for summary judgment filed by F & W. In her opposition, Ms. Dragna argued that she identified in her deposition that the defective front door threshold caused her fall. Further, she argued that the expert report prepared by Gurtler Bros. Consultants, Inc., dated March 15, 2021

and attached to the opposition, supports her claim that a defective condition on the property caused her injuries.[3]

In its reply, F & W challenged the expert report, arguing that it did not fit in any of the express categories of La. C.C.P. art. 966 regarding summary judgment evidence and should be stricken. F & W argued that the report was not attached to any deposition in the case and there is no accompanying affidavit to authenticate the report.

At a hearing on both motions for summary judgment, regarding the cause of the trip and fall, Ms. Dragna's counsel argued that a security tape of the incident in question exists which has never been turned over to him, and this creates doubt and speculation about what may or may not have happened. Counsel for Terrytown Café, Inc. stated that the only video that it possessed has already been produced, and discovery is complete in this matter. Ms. Dragna's counsel agreed that discovery was complete.

In open court, the trial court found: 1) Ms. Dragna's expert letter and report are impermissible documents under La. C.C.P. art. 966, and therefore, they would be stricken from the record; 2) even though Ms. Dragna's opposition did not specifically oppose Terrytown Café Inc.'s motion for summary judgment, it was clear from the document itself that it was an opposition to both motions; and 3) there remained genuine issues of material fact as to whether a dangerous condition existed and who is responsible for the dangerous condition. The trial court further stated:

> Additionally, only the evidence -- the only evidence that defendants point to for purpose of summary judgment is the deposition of the plaintiff. This Court finds that there has not been an

---

[3] Specifically, the experts (Michael Gurtler and Friedrich Gurtler) found that there is an abrupt drop of over two inches between the door threshold and the sidewalk and there is no handicap-accessible ramp to the entrance, both of which do not conform with the requirements of the Americans with Disabilities Act. They found that the abrupt drop outside the front door threshold resulted in a hazardous condition that caused or contributed significantly to Ms. Dragna's fall.

ample discovery and well it appears that all discovery is complete. So if discovery's complete, then I think we're ready to move forward with this case. …

Now [Ms. Dragna's counsel] appears to believe that there may be a video out there, which [Terrytown Café Inc.'s counsel] has stated today that there's no video, that she's turned over everything. So if, in fact, this is where we are it's possible that the Court – so what I'm going to do is deny this motion for summary judgment without prejudice for both defendants in this case, but [Ms. Dragna's counsel] seems to think that there is something else out there. [Terrytown Café Inc.'s counsel] has indicated this is everything. Discovery is complete. So I don't know which one it is, if discovery's complete or not. But what I'd like to do is schedule a status conference for determination of cutoff dates and pick a potential trial date and deny the motion for summary judgment without prejudice and that way if [Ms. Dragna's counsel] feels that there's more discovery out there, he'll have a chance to complete that discovery. …

A written judgment denying both motions for summary judgment without prejudice and striking Ms. Dragna's exhibit to her opposition to the motions for summary judgment was signed on March 28, 2022.

F & W now seeks this Court's supervisory review of the trial court's denial of its motion for summary judgment. Finding merit to F & W's arguments, we gave the parties an opportunity to provide additional briefing and to request oral argument, if desired, pursuant to La. C.C.P. art. 966(H).

## LAW AND ANALYSIS

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Burns v. Sedgwick Claims Mgmt. Servs.*, 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 152; *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, 547. A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The summary judgment procedure is favored and shall be construed to secure the just,

speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); *Trench v. Winn-Dixie Montgomery LLC*, 14-152 (La. App. 5 Cir. 9/24/14), 150 So.3d 472, 475. However, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubts must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (*per curiam*).

The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(D)(1). However, if the movant will not bear the burden of proof at trial, the movant's burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. *Id.*; *Patrick v. Iberia Bank*, 05-783 (La. App. 5 Cir. 3/14/06), 926 So.2d 632, 634. Thereafter, if the adverse party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(D)(1).

A decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Bach v. Bd. of River Port Pilot Comm'rs*, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362.

To impose liability for an unreasonably dangerous defect, a plaintiff has the burden to show that the thing was in the custodian's custody or control, it had a vice or defect that presented an unreasonable risk of harm, the defendant knew or should have known of the unreasonable risk of harm, and the damage was caused by the defect. La. C.C. art. 2317.1; *Bryant v. Ray Brandt Dodge, Inc.*, 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190, 197.

Upon *de novo* review, we find that Ms. Dragna is unable to meet her burden of proof to show that there was an unreasonably dangerous condition that caused her fall. First, based on her deposition testimony, even Ms. Dragna is unsure about what caused her fall. She alleged in her petition that she tripped over the threshold. However, during her deposition, she testified that she tripped before she hit the threshold, and since the only thing in front of the door was the rug/mat, she "assumed" she tripped on the rug/mat. However, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Sears v. Home Depot, USA, Inc.*, 06-201 (La. App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168. Even if contained in a deposition, such inferences, allegations, and speculation are not sufficient to satisfy the opponent's burden of proof. *Id.*

Further, Ms. Dragna admitted that she has frequented the Terrytown Café for years, often three to five times a week. She had never fallen before this incident and could not recall ever seeing anyone fall before. The morning of the incident, she crossed the same threshold both before and after the incident with no issues. Ms. Songy, as owner of the Terrytown Café, testified that no one has ever reported tripping on or over the rug/mat prior to this incident, and she never received a complaint about the rug/mat. She also testified that the rug/mat is replaced weekly to ensure that it stays clean and maintains its traction. Therefore, we find that Ms. Dragna is unable to produce any evidence other than conclusory and speculative allegations in her petition and testimony regarding what caused her fall, either the rug/mat and/or the threshold. Further, she is unable to meet to her burden of proof to show that there was an unreasonably dangerous condition that caused her fall.

Even so, Ms. Dragna also failed to present any evidence to show that F & W knew or should have known of the condition which caused the damage, prior to the incident. Further, to establish liability on the part of a lessor who has passed on

responsibility for the condition of his property to his lessee under La. R.S. 9:3221,[4] a plaintiff must establish that: (1) he sustained damages; (2) that there was a defect in the property; and (3) that the lessor knew or should have known of the defect. *Robinson v. Archdiocese of New Orleans*, 98-1238 (La. App. 4 Cir. 3/31/99), 731 So.2d 979, 981. The only evidence submitted in support of the opposition for motion for summary judgment (the expert report) was properly stricken by the trial court. There was no evidence presented to show that F & W knew or should have known of the alleged defect. F & W has thus established the absence of factual support for another essential element of Ms. Dragna's claim.

At the hearing on the motions for summary judgment, Ms. Dragna's counsel argued that discovery remained outstanding, specifically video footage from the morning of the incident, and this creates doubt and speculation about what may or may not have happened. Counsel for Terrytown Café, Inc. stated in response that the only video from the morning of the incident has already been produced, and that discovery is complete.

While La. C.C.P art 966(A)(3) allows for "an opportunity for adequate discovery," the only requirement is that the parties be given a fair opportunity to present their claim. *Simoneaux v. E.I. du Pont de Nemours & Co., Inc.*, 483 So.2d 908, 913 (La. 1986). Unless the plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. *Id.* The mere contention of an opponent that he lacks sufficient information to defend a summary judgment motion and that he needs additional time to conduct discovery is insufficient to defeat the motion. *Turner v.*

---

[4] La. R.S. 9:3221 provides:

Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

*Bosley Med. Inst., Inc.*, 19-131 (La. App. 5 Cir. 10/16/19), 280 So.3d 326, 331 (citing *Williams v. A Day to Remember Invitations, L.L.C.*, 06-757 (La. App. 5 Cir. 3/13/07), 956 So.2d 30, 33).

Jurisprudence has identified the following five factors for the court to consider when addressing an adequate discovery claim: (i) whether the party was ready to go to trial; (ii) whether the party indicated what additional discovery was needed; (iii) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it; (iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment; and (v) whether discovery has been hindered by a circumstance beyond an opponent's control. *Roadrunner Transp. Sys. v. Brown*, 17-0040 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1273-74. When discovery is alleged to be incomplete, a trial court has the discretion either to hear the summary judgment motion or to grant a continuance to allow further discovery. *Id*. at 1272.

At the hearing on the motions for summary judgment, counsel for Terrytown Café, Inc. stated that the trial court instructed the parties to complete discovery before it would set a hearing on the motions for summary judgment. The hearing was eventually set, and at the hearing, all the parties, including Ms. Dragna, agreed that discovery was complete. Further, counsel for Terrytown Café, Inc. stated that the only video it has of the incident has already been produced to plaintiff. Ms. Dragna did not raise this discovery issue in her opposition, and there is no evidence to reflect any steps taken by Ms. Dragna to obtain the alleged video prior to the hearing on the motions for summary judgment. Further, Ms. Dragna did not request a continuance of the hearing on the motion for summary judgment in order for additional discovery to take place. Under these circumstances, we find that Ms. Dragna was given an adequate opportunity to conduct discovery.

Thus upon *de novo* review, for the foregoing reasons, we find that Ms. Dragna failed to establish that she will be able to satisfy her evidentiary burden of proof at trial.  F & W is therefore entitled to summary judgment as a matter of law.

## DECREE

For the foregoing reasons, F & W's writ application is granted, the trial court's judgment which denied F & W's motion for summary judgment is reversed, summary judgment is granted in favor of F & W, and Ms. Dragna's claims against F & W are dismissed with prejudice.

**WRIT GRANTED; JUDGMENT REVERSED;
SUMMARY JUDGMENT GRANTED;
CLAIMS DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 5, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-C-241

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
ROBERT M. BRAIWICK, JR. (RESPONDENT)      SARAH M. KALIS (RESPONDENT)      MICHAEL W. MALDONADO (RELATOR)
THOMAS J. EPPLING (RELATOR)

**MAILED**
NO ATTORNEYS WERE MAILED