ROBERT A. CHAISSON, Judge.
| ^Plaintiff, Mary Upton, appeals from a trial court ruling that granted summary judgment in favor of defendants, Rouse’s *1197 Enterprise, LLC (“Rouse’s”) and its insurer, Liberty Mutual Fire Insurance Compá-ny (“Liberty Mutual”). For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

This case arises from an accident that occurred on June 22, 2009, at a Rouse's grocery store located- in Kenner, Louisiana. On that day, Mrs. Upton and her husband, Willie Upton, went into the grocery store specifically to get a watermelon for the advertised price of five dollars. Upon entry to the store, Mrs. Upton walked directly to the watermelon display, which consisted of a large cardboard box situated on top of a wooden pallet. Mrs. Upton walked around the watermelon display without any difficulty and stopped in order to reach into the box to get a watermelon. As she did this, she unknowingly placed her feet inside the pallet openings. She then picked up a watermelon and, without moving her | sfeet, turned her body around to show it to her husband. After her husband told her that he did not want that watermelon, she turned her body back around and returned the watermelon to the box. As she then stepped away from the watermelon display, Mrs. Upton fell.
As a result of injuries allegedly received in this fall, Mrs. Upton filed a petition for damages against Rouse’s and its insurer, Liberty Mutual. In the petition, Mrs. Upton alleged that as she stepped away from the display box of watermelons, “her foot became lodged/trapped in an opening on the bottom of the display that was. not visible twisting her foot and ankle causing her to lose her balance and fall violently to the floor on her right side resulting in serious and permanent injuries.”
On November 17, 2014, Rouse’s and-Liberty Mutual filed a motion for summary judgment seeking dismissal of Mrs. Upton’s claim on the basis that “the pleadings, exhibits and deposition testimony filed in ■ the' record establish no genuine issue of material fact which supports Plaintiffs allegation that defendants are liable for her damages.” In support of their motion, defendants asserted that Mrs. Upton could not meet her burden of proof as set forth in La. R.S. 9:2800.6. Specifically, defendants represented that Mrs. Upton Could not satisfy her burden of proving either that the display constituted an unreasonably dangerous condition since it was operi and obvious, or-that there was a foreign substance on the floor. In addition, defendants asserted that even assuming that there was a foreign substance on the floor, Mrs. Upton failed to provide evidence that Rouse’s either created or had actual br constructive notice of the substance prior to the occurrence. Lastly, defendants maintained that Mrs. Upton presented no evidence to reflect that Rouse’s failed to exercise reasonable care.
|4Mrs. Upton thereafter filed an opposition to defendants’ motion arguing that numerous disputed facts precluded the granting of summary judgment in this case. Mrs. Úpton further contended that the" determination of whether the watermelon display created an unreasonable risk of harm was not an appropriate issue for summary judgment, but rather was an issue for the trier of fact at a trial on the merits.
Following a hearing, the trial court, on May 13, 2015, "granted defendants’ motion for summary judgment finding that there were no genuine issues of material fact and that Mrs. Upton failed to produce factual support sufficient to establish that she will be able, to meet her evidentiary burden at trial. In its reasons for judgment, the trial court found that the display did not constitute an unreasonable risk, of harm and further found that Mrs. Upton *1198 failed to produce factual support for the period of time the juice may have been present in order to meet the required temporal element in La. R.S. 9:2800.6.
Mrs. Upton now contends that the trial court erred in granting defendants’ motion for summary judgment. She first complains about the' analysis used by the trial court in making its determination that the watermelon display did not constitute an unreasonable risk of harm. In particular, Mrs. Upton contends that the trial court erred in analyzing this matter as a slip and fall case and in thereafter relying on the holding in Primrose v. Wal-Mart Stores, Inc., 48,370 (La.App. 2 Cir. 10/2/13), 127 So.3d 13, to reach the conclusion that the watermelon display was not unreasonably dangerous on the basis that “the social value and utility of the display outweigh any potential harm to others.” Secondly, Mrs. Upton argues that the trial court erred in finding that she failed to produce factual support to show that Rouse’s had constructive notice of watermelon juice on the floor. She contends that sincé Rouse’s created the unreasonably dangerous condition of | ^watermelon juice leaking onto the floor, she did not have to prove the temporal' element required under La. R.S. 9:2800.6. For the reasons that follow, we find no merit to these arguments and affirm the granting of summary judgment in this matter. '

DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there-is no genuine issue of material fact. Bell v. Parry, 10-369 (La.App. 6 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.' C.C.P. art. 966(A)(2).
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions* together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Anny v. Babin, 12-164 (La.App. 5 Cir. 7/31/12), 99 So.3d 702, 706, writ denied, 12-1972 (La.12/14/12), 104 So.3d 441,
Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The nonmoving party must then produce factual support to ^establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. art. 966(C)(2); Bobino v. Jefferson Transit, 12-468 (La.App. 5 Cir. 2/21/13), 110 So.3d 1123, 1126.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Thus, appellate courts ask the same questions the trial court does in. determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether *1199 the mover, is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La.App. 5 Cir. 11/29/11), 78 So.3d 849, 862.
In this case, Mrs. • Upton attributes her accident to a watermelon display that consisted of a cardboard box situated on top of a wooden pallet. Mrs.' Upton initially asserted that- her foot got ‘stuck in an opening in the pallet that was not visible. She later contended that her fall was also caused .by watermelon juice that had leaked onto the floor from rotten watermelons in the cardboard box. Mrs. Upton’s claim for damages is governed by La. R.S. 9:2800.6, the Merchant Liability Statute, which sets forth the merchant’s duty and the claimant’s burden of proof in claims against a merchant for damages arising out of a fall on the premises due to a condition existing on or in the premises. That statute reads as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, arid floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant'by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following: -
R(l) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable. dition which caused the damage, prior to the occurrence.
(2) The merchant either created or had actual or constructive notice of the con-
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written , or verbal uniform cleanup-or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
In order to recover damages for injuries sustained in a. slip or trip and fall accident, the plaintiff has the burden of proving all three of the requirements of La. R.S. 9:2800.6(B), and the failure to prove any requirement is fatal to the cause of action. Alonzo v. Safari Car Wash, Inc,, 11-111 (La.App. 5 Cir. 9/27/11), 75 So.3d 509, 511.
Under La. R.S. 9:2800.6, a merchant is required to exercise reasonable care to protect those .who enter his establishment, to keep-his premises safe from unreasonable risks of harm, and to warn persons of known dangers. Although the owner of a commercial establishment has an affirmative duty to keep his premises in a safe condition, he is- not the insurer .of the safety of his .patrons.- A store owner is not liable every time an accident happens. Richardson v. Louisiana-1 Gaming, 10-262 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895-96.
In determining whéther a condition is unreasonably dangerous, courts use a four-part risk-utility test, which requires consideration of the following factors: (Í) the utility of the complained of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3)'the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of social utility or whether the activities were dangerous by nature. Bufkin v. Felipe’s La., LLC, 14-288 (La.10/15/14), 171 So.3d 851, 856.
*1200 IsThe second factor of-the risk-utility test focuses on whether the allegedly dangerous or defective condition was obvious and apparent. A defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, the condition should be one that is open and obvious to everyone who may potentially encounter it. Bufldn, 171 So.3d at 856. If the facts of a particular' case show that the complained of condition should "be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Helwig v. H.P.B., Inc., 15-389 (La.App. 5 Cir. 12/23/15), 182 So.3d 1169.
In addition to proving that the complained of condition presented an unreasonable risk of harm that was reasonably foreseeable, the plaintiff, in a claim against a merchant under La. R.S. 9:2800.6, is also tasked with proving'that the merchant either creatéd or had actual or constructive notice' of the condition which caused the damage prior to the occurrence. When constructive notice is pút at issue under La. R.S. 9:2800.6(B)(2), the claimant must come forward with positive evidence showing , that the damage-causing condition existed for some period of time, and that such , time was sufficient to place the merchant on notice of its existence. White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97), 699 So.2d 1081, 1082; Glass v. Home Depot U.S.A., Inc., 10-53 (La.App. 5 Cir. 9/28/10), 50 So.3d 832, 835.
In light of this applicable substantive law, we now conduct a de novo review of this- matter. In their motion for summary judgment, defendants argued that Mrs. Upton could not prove any of the elements of the Merchant Liability Statute. In particular, defendants alleged that Mrs. Upton could not satisfy her burden of proving that the display constituted an unreasonably dangerous condition since it was open and obvious, or that there was a foreign substance on the floor. In ^addition, defendants asserted that even assuming that there was a foreign substance on the floor, Mrs., Upton failed to provide evidence that Rouse’s either created or had actual or constructive notice of a foreign substance , prior ¡to the occurrence. Lastly, defendants maintained that there was no evidence that Rouse’s failed to exercise reasonable care..
To . support this motion, defendants'introduced the deposition testimony of Mrs. Upton; • her husband, Mr. Willie Upton; and Mr. Gary Impastato,- an assistant manager at Rouse’s at the time of the incident. In her' deposition testimony, Mrs. Upton detailed the circumstances surrounding her accident. She specifically recalled that upon entering the store, she went directly to the watermelon display, walked around the display box, and stopped to reach into the box to get a watermelon. As she did this, she unknowingly placed her feet, inside the pallet openings. She then picked up a watermelon and, without moving her feet, turned her body around' to show it to her husband. After her husband told her that he did not want that watermelon, she turned her body back around and returned the. watermelon to the. box. According to Mrs.-.Upton, at this point in time, she did not feel any problem with her feet being in the pallet.. When Mrs. Upton then stepped out of the pallet, one foot came out and the other foot got jammed in the opening in the pallet, causing her- to fall.
In her deposition testimony, Mrs. Upton admitted that she did not have trouble seeing the box; however, she .denied seeing the pallet underneath the box. She claimed that the pallet was not visible because the box was covering the whole pallet, and that.if she had seen the pallet, she *1201 never would have put her feet in the openings. Mrs. Upton acknowledged that there were no holes or problems with the floor, and she further admitted that she did not see watermelon juice or any other |mliquid on the floor at'the time of her accident. Mrs. Upton also replied- in the negative when asked if there was anything on her clothes after the fall.
Mr. Upton, in his deposition testimony, claimed that his wife fell because of watermelon juice on the floor. However, he acknowledged that he did not see watermelon juice before his wife fell, that he did not take a picture of watermelon juice, that he did not know how watermelon juice got on the floor, or how long the:watermelon juice was there. At some point during his deposition, Mr. Upton was asked if the pallet contributed in any way to his wife’s fall. Although he initially indicated that only the alleged watermelon'juice on the floor caused the fall, he later added that his wife’s foot got caught inside the pallet, which also contributed to her fall.
In his deposition testimony, Mr. Impás-tate, an assistant manager at Rouse’s on the day of the accident, had no recollection of the incident other than what was stated in his report at the time of the occurrence. Mr. Impastato’s report, which was also introduced in support, of the summary judgment motion, reflected that Mrs. Upton stated to him that her accident was caused because her “foot got jammed where the watermelons were.” Further, the report indicated that the floor, display, and shelving were dry at the time of the incident. During his deposition, Mr. Im-pástate, who has worked in the supermarket business for about twenty-eight years, stated that none of the stores in which he has worked has ever covered the openings in the pallets. Moreover, he has never been given any procedures, recommendations, or requirements about putting any type of kick guard or front guard around the sides of the pallets. When Mr. Impás-tate was asked whether it would be advantageous to customer safety to place a kick guard at the: bottom of the pallet, he replied, “No, because ,if you are crazy enough to stick your -feet underneath the bottom of that pallet, I’m sorry. The pallet is there. That is the way Inthey come from the shipper. From the supplier, that is the way they come. It is a pallet display. It is to be rolled on the floor as is.” Mr. Impástate further stated in his deposition that during his time in the supermarket business, he was never aware of any other accidents involving watermelon display boxes.
In support of their motion for summary judgment, defendants also produced the customer claim report, in which Mrs. Upton indicated that she leaned over to pick up a watermelon, her tennis shoe got jammed in an open hole in the watermelon crate, and she slipped on her right leg. This report further showed that the weather conditions were good on the day of the incident. In addition to this report, defendant provided the witness report of Mr. Upton, which ⅛’very difficult to read, but which makes rib apparent reference to watermelon juice on the floor.
Lastly, defendants introduced photographs taken by both a Rouse’s employee and Mr. Upton at the time of the incident. The photographs show the display consisting of a large cardboard box sitting on top of a wooden pallet. The large display is visibly marked with yellow and black caution arrows pointing to the corners of the pallet. In addition, the box on top of the pallet is not obstructing the visibility of the openings on the sides of the pallet. Further, the photographs do not depict any type of liquid on the floor.[1]
*1202 In the present case, based on our de novo review of the motion for summary judgment and supporting exhibits, defendants met their initial burden of proof by pointing out the absence of factual support for Mrs. Upton’s claim that the watermelon display created an unreasonable risk of harm. Defendants introduced photographs taken immediately after Mrs. Upton’s fall. These photographs show that the display, including the box and the pallet, is clearly visible and has no | ^obstructions surrounding it. ' Indeed, Mrs. Upton’s deposition testimony indicates that she had no trouble either Seeing or walking around the box containing the watermelons. The photographs further show that rather than forming right angles, the box is constructed so that the comers are clipped on an angle to reveal the comers of the pallet underneath, and that there are yellow and black arrows along the entire length of the clipped angles pointing downward to draw attention to the pallet. In addition, the deposition testimony of Mr. Impastato, who worked in the supermarket business for about twenty-eight years,, reflects that he has never been required to cover, any pallet openings, that he has never been given any procedures, recommendations, or requirements about putting any type of kick guard or front guard around the sides of the pallets, and that he has never been advised of any accidents involving watermelon displays, such as the one involved in the instant matter.
Moreover, we note that a pallet does not inherently pose an unreasonable risk of harm. See Reed v. Home Depot USA, Inc., 37,000 (La.App. 2 Cir. 4/9/03), 843 So.2d 588, 592, writ denied, 03-1638 (La.10/10/03), 855 So.2d 345. Certainly, the display in. the instant case is a condition any customer would reasonably expect to encounter in the produce department of a grocery store, and it presents no unreasonable risk'of harm to a customer exercising reasonable care.
In Primrose v. Wal-Mart Stores, Inc,, supra at 17, the appellate court considered evidence, similar to that introduced by defendants in the instant case, in determining that Summary judgment was appropriate in a trip and fall case. In Primrose, an elderly woman tripped on a watermelon display at a Wal-Mart store. .She retrieved a watermelon from the display and subsequently tripped over a comer of the display as she was- walking back to her cart. As a result of .injuries sustained, Ms. Primrose filed a suit for damages,- and in response, Wal-Mart filed a [^motion for summary judgment. After reviewing the pictures of the area where Ms. .Primrose tripped and fell, the trial court granted the motion for summary judgment, noting that he “does not see how it’s not open and obvious.” The appellate court in Primrose found that the photographs showed the visible warning signs posted on the comers of the display and an unobstructed path alongside the display. In addition, the affidavit of the' storé manager 'at the time of the accident stated that the comers of the display were visibly marked with warning signs, that this type of display was customarily used by Wal-Mart for the display of produce, that the display at issue had been used at'this Wal-Mart location for a minimum of four years prior to *1203 the incident, and further, that he was never advised of any incident involving this display prior to Ms, Primrose’s accident. Based on these undisputed facts, the appellate court agreed with the trial court’s decision to grant Wal-Mart’s motion for summary judgment, after it correctly determined that the exposed comers of the display were open and obvious and did not present an unreasonable risk of harm.
In her appellate brief, Mrs. Upton complains that the trial court, by relying on the Primrose case in making its determination that the watermelon display , did not present an unreasonable risk of harm, improperly focused on the warnings and size of the display, rather than examining each particular aspect of the display, such as whether the openings in the pallet itself were unreasonably dangerous, whether any modification to the pallet openings would be too costly, and whether the watermelon display had any social utility at the time Mrs. Upton approached it. With regard to this argument, we note that the trial court’s analysis of this issue is immaterial in light of the fact that this Court conducts a de novo review in summary judgment proceedings.
| uMrs. Upton also seems to suggest that summary judgment was not appropriate in this case to determine whether the watermelon display presented an unreasonable risk of harm. The Louisiana Supreme Court has clarified any confusion on this subject and made clear that summary judgment is not precluded on the issue of whether a complained of condition creates an unreasonable risk of harm. See Allen v. Lockwood, 14-1724 (La.2/13/15), 156 So.3d 650, and Bufkin v. Felipe’s La., LLC, supra.
We now turn our attention to Mrs. Upton’s allegation that her fall was also caused by juice that had leaked onto the floor from rotten watermelons in the bottom of the display box. Defendants likewise have shown the absence of. factual support for Mrs. .Upton’s claim that Rouse’s created the condition of the leaking watermelon juice or had actual or constructive notice of the condition , prior to the occurrence. The deposition testimony produced by defendants is clear that no one saw watermelon juice on the ground and further did not know how it got there or how long it had been there. In addition, the photographs taken immediately after the incident do not show any watermelon juice on the ground or any rotten watermelons. Likewise, the accident report shows that the display, floor, and shelving were dry at the time of the incident.
Based on the foregoing, and having reviewed the deposition testimony, exhibits, and photographs in support of the summary judgment motion, we find that defendants clearly showed the absence of factual support for at least one of the elements of Mrs. Upton’s claim against Rouse’s.
Mrs. Upton thereafter failed to produce factual support to show that she will be able to satisfy her evidentiary burden at trial. In particular, the documents and photographs introduced by Mrs. Upton in opposition to the summary judgment motion confirm that there were warning signs on the display, that the openings liswere clearly visible, that there was no watermelon juice on the floor, and that even if there was juice on the floor, Rouse’s had no constructive notice' of the condition before the accident. We note that many of Mrs. Upton’s allegations in this cáse are nothing more than mere speculation as to the cause of her fall. In fact, she has put forth no concrete evidence to support her claim that she fell because of deficiencies in the pallet openings or because of watermelon juice underneath the pallet openings. It is clear that mere speculation or suggestion *1204 is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6; Frank v. Boomtown L.L.C., 12-382 (La.App. 5 Cir. 12/11/12), 106 So.3d 227, 232.
Accordingly, for the reasons set forth herein, we affirm the judgment of the trial court which granted defendants’ motion for summary judgment and dismissed Mrs. Upton’s case.

AFFIRMED

. Both Mr. and Mrs. Upton acknowledged that the photographs, with the possible exception of the cones, accurately depicted the scene at the time of the accident. Mrs. Upton stated the two cones were not present at the time of the accident, but were placed there after she fell; .On the other hand, Mr. Upton thought the cones were present before his wife’s fall.