RAYMOND THIBODEAUX

VERSUS

ALLSTATE INSURANCE COMPANY AND
MICHAEL ROMANO

NO. 19-CA-458

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 754-675, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

March 20, 2020

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Hans J. Liljeberg

**AFFIRMED**
    **RAC**
    **MEJ**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
RAYMOND THIBODEAUX
Simone R. Nugent
D. Patrick Keating

COUNSEL FOR DEFENDANT/APPELLEE,
ALLSTATE INSURANCE COMPANY AND MICHAEL ROMANO
James L. Donovan, Jr.

**CHAISSON, J.**

Raymond Thibodeaux[1] appeals a trial court ruling that granted summary judgment in favor of defendants, Allstate Insurance Company and Michael Romano. For the reasons that follow, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On August 5, 2015, as Mr. Thibodeaux traveled down Canal Street in Metairie on his motor scooter, he was struck by a large piece of an oak tree as it fell into the street. This tree was located on the premises owned by Mr. Romano at 401 Papworth Avenue in Jefferson Parish and insured by Allstate Insurance Company ("Allstate"). On October 23, 2015, as a result of injuries allegedly received in this incident, Mr. Thibodeaux filed a petition for damages against Mr. Romano and his insurer, Allstate. In the petition, Mr. Thibodeaux alleged that the accident was a direct and proximate result of the negligence and want of care by Mr. Romano in that he failed to properly inspect and maintain his premises, failed to warn others of the hazardous condition that existed on his premises, and failed to see and do what should have been seen and done in an effort to have averted the occurrence of this incident.

On October 31, 2018, Allstate and Mr. Romano filed a motion for summary judgment seeking dismissal of Mr. Thibodeaux's claim on the basis that "there is no genuine issue as to lack of evidence offered to demonstrate the necessary and material fact that defendants knew or should have known of the ruin, vice, or defect which may have been present in a tree located on their property and which forms the basis of the allegation in Plaintiff's petition for damages." In support of their motion, Allstate and Mr. Romano provided the following documents: an excerpt from Mr. Thibodeaux's deposition detailing the accident and his

---

[1] Throughout the record, Mr. Thibodeaux's name is spelled alternatively as "Thibodeaux" and "Thibodaux." Both the petition for damages and his deposition use the spelling "Thibodeaux;" we will therefore use that spelling in this opinion.

observations of the tree prior to the accident; Mr. Thibodeaux's petition for damages along with other pleadings, including discovery requests; Mr. Thibodeaux's exhibit and witness lists; and an affidavit executed by Mr. Romano, in which he acknowledged ownership of the property and denied knowledge of any vice, ruin, or defect in the subject tree located on his property.

Mr. Thibodeaux thereafter filed an opposition to defendants' motion asserting that summary judgment is precluded because a genuine issue of material fact exists as to whether Mr. Romano had notice, either actual or constructive, of the hazardous and/or defective condition of the tree. Mr. Thibodeaux maintained that he had evidence that Mr. Romano was put on actual notice of the condition of the tree approximately one year before the accident when an inspection was performed on his house by Mr. Ed Rowley of House Call Home Inspection. Further, Mr. Thibodeaux suggested that Mr. Romano had constructive notice of the condition of the tree based on a mere visual observation of the tree's large size and the long branches hanging directly over the public roadway.

To support his opposition, Mr. Thibodeaux provided the following: various photographs of the tree; the affidavit of Mr. Romano, in which he denied knowledge of any vice, ruin, or defect in the subject tree located on his property; an excerpt from the deposition of Mr. Thibodeaux, in which he described his observation of the tree; excerpts from the deposition of Mr. Romano, detailing measures taken with regard to the tree subsequent to the accident and the location of the oak tree and branches in relation to the road; an excerpt from the deposition of Angelle Romano, in which she acknowledged that a home inspection was conducted before she and her husband, Michael Romano, finalized the purchase of the property; the home inspection contract entered into on August 7, 2014, between Mr. Romano and Mr. Rowley; and a letter, dated August 7, 2014, to Mr. Romano

from Mr. Rowley, with the inspection report summary and the home inspection report.

In response, defendants filed a reply memorandum as well as a formal written objection to the admission of various exhibits offered by Mr. Thibodeaux in support of his opposition to the motion for summary judgment. Specifically, defendants opposed the admission of photographs (Exhibits A and B), the home inspection contract (Exhibit G) and the letter from Mr. Rowley to Mr. Romano, which included the home inspection report (Exhibit H), on the basis that these exhibits did not qualify as permissible supporting documents pursuant to La. C.C.P. art. 966(A)(4). Defendants also objected to the admission of the excerpt from Mr. Romano's deposition testimony pertaining to remedial measures taken with regard to the tree subsequent to the accident (Exhibit E), asserting that this evidence was inadmissible in a negligence claim pursuant to La. C.E. art. 407 and thus should be excluded as a supporting document on the summary judgment motion.

The motion for summary judgment came for hearing on February 20, 2019. After considering the arguments of counsel, the trial court deferred ruling on the matter to afford plaintiff's attorney the opportunity to take the deposition of Mr. Rowley, the home inspector. Subsequent to the taking of the deposition, Mr. Thibodeaux filed a supplemental and amended opposition to defendants' motion for summary judgment, pointing out portions of Mr. Rowley's deposition to support his assertion that a genuine issue of material fact exists as to whether Mr. Romano had notice of a defective tree on his premises. Relying on Mr. Rowley's deposition and home inspection report, Mr. Thibodeaux maintained that since reasonable minds can differ as to the interpretation of the contents of the inspection report and whether this report provided the requisite notice to Mr. Romano of the

unreasonable risk of harm created by the oak tree in his front yard, summary judgment is precluded.

Mr. Thibodeaux provided the following documents with his supplemental and amended opposition: the deposition testimony of Mr. Rowley taken on March 22, 2019, with attachments, including the home inspection contract, the letter from Mr. Rowley to Mr. Romano setting forth a summary of his report, the home inspection report, and various photographs of the tree; an excerpt from the deposition testimony of Mr. Romano, in which he acknowledged that the branches of the tree were hanging over the road; and a letter dated March 28, 2019, to Mr. Thibodeaux's attorney from Malcolm Guidry, a professional arborist, setting forth his findings with regard to the subject tree and the area of the trunk where the limb at issue separated from the tree.[2]

On May 20, 2019, the trial court resumed the summary judgment hearing, allowed the attorneys to set forth their arguments, and then took the matter under advisement. On July 2, 2019, the trial court granted defendants' motion for summary judgment and dismissed, with prejudice, Mr. Thibodeaux's claim against them, finding no genuine issue of material fact exists. In his reasons for judgment, after reviewing the documents submitted, the trial judge found that defendants pointed out "the absence of factual support for the essential element of the plaintiff's claim that Mr. Romano knew or in the exercise of reasonable care should have known of any ruin, vice, or defect of the tree," and that Mr. Thibodeaux thereafter failed to produce factual support sufficient to establish the existence of a genuine issue of material fact. In so ruling, the trial judge stated that he declined to consider several of Mr. Thibodeaux's exhibits, including various

---

[2] At a hearing on April 23, 2019, on a motion by Mr. Thibodeaux to extend expert report deadlines, the trial court ruled that the only additional evidence it would entertain at the continuation of the previously recessed motion for summary judgment was the deposition testimony of Mr. Rowley, whose deposition was already scheduled at the time of the February 20, 2019 hearing. Therefore, Mr. Thibodeaux's attorney proffered Mr. Guidry's report.

photographs (Exhibits A and B), the home inspection contract (Exhibit G), and the letter from Mr. Rowley to Mr. Romano, which included the home inspection report (Exhibit H), on the basis that "they are not permissible supporting documents to an opposition to a motion for summary judgment." In addition, the trial court also declined to consider the excerpt from Mr. Romano's deposition testimony (Exhibit E) as "inadmissible evidence of subsequent remedial measures."

Mr. Thibodeaux now appeals, challenging the trial court's grant of defendants' motion for summary judgment, as well as his exclusion of various exhibits introduced by Mr. Thibodeaux in support of his opposition to the motion for summary judgment.

## DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Upton v. Rouse's Enterprise, LLC*, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1198, *writ denied*, 16-580 (La. 5/13/16), 191 So.3d 1057. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).

According to La. C.C.P. art. 966(A)(3), a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1) sets forth the burden of proof in a motion for summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the

existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La. C.C.P. art. 966(A)(4) provides, "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." The legislative comments clarify that Subparagraph (A)(4) contains the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment and "intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs, pictures, video images, or contracts, unless they are properly authenticated by an affidavit or deposition to which they are attached." *Dorsey v. Purvis Contracting Group, LLC*, 17-369, 17-370 (La. App. 5 Cir. 12/27/17), 236 So.3d 737, 741, *writ denied*, 18-199 (La. 3/23/18), 239 So.3d 296.

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Upton v. Rouse's Enterprise*, *LLC*, 186 So.3d at 1198-99.

We first turn our attention to Mr. Thibodeaux's arguments relating to the trial court's evidentiary rulings. In particular, he contends that the trial court improperly struck most of the evidence he produced in opposition to the summary judgment, including photographs of the tree (Exhibits A and B), the building inspection contract (Exhibit G) and the letter to Mr. Romano, which summarized the results of the home inspection report and contained the home inspection report (Exhibit H).[3] These exhibits were attached to Mr. Thibodeaux's original

---

[3] The trial court also excluded the excerpt of Mr. Romano's deposition regarding measures taken with the tree subsequent to the accident. In his reply brief on appeal, Mr. Thibodeaux's attorney acknowledges

opposition to the motion for summary judgment and were objected to by defendants on the basis that they did not qualify as permissible supporting documents for summary judgment proceedings.

We agree that these exhibits, initially filed as unsworn attachments to Mr. Thibodeaux's original opposition, were not permissible supporting documents in opposition to a motion for summary judgment. However, the trial court continued the hearing on the motion for summary judgment to allow Mr. Thibodeaux to take the deposition of Mr. Rowley. The previously submitted photographs (Exhibits A and B) and the summarization of the home inspection report and the home inspection report (Exhibit H), were attached to Mr. Rowley's deposition, and Mr. Rowley's deposition was submitted with Mr. Thibodeaux's supplemental opposition.

We find that because Mr. Thibodeaux cured the objection to these particular exhibits prior to the trial court ruling on defendants' objection to these exhibits or on the motion for summary judgment itself, the trial court should have considered these exhibits.[4] Upon our *de novo* review, we therefore consider the photographs (Exhibits A and B) and the summarization of the home inspection report and the home inspection report (Exhibit H), as attached to Mr. Rowley's deposition.

Mr. Thibodeaux also complains that the trial court erred in excluding the March 28, 2019 expert report of Mr. Guidry, the consulting arborist, in the summary judgment proceedings. On February 28, 2019, prior to the expiration of discovery deadlines, Mr. Thibodeaux filed a motion to extend expert deadlines for the purposes of obtaining an expert arborist regarding this matter. Defendants objected to this motion on the basis that Mr. Thibodeaux's request was untimely,

---

that the portion of Mr. Romano's deposition, which discusses subsequent remedial measures, is inadmissible and should not be considered.

[4] We note that although the trial judge's reasons for judgment indicate that he did not consider these exhibits, he did consider the deposition of Mr. Rowley, which was almost exclusively a discussion of his home inspection report and the photographs.

having been filed subsequent to their filing of the motion for summary judgment and the initial hearing on that motion. On April 23, 2019, the trial court ruled that, for purposes of the motion for summary judgment, it would not allow the introduction of additional expert testimony, thereby excluding consideration of Mr. Guidry's report. On May 6, 2019, Mr. Thibodeaux filed his supplemental opposition to defendants' motion for summary judgment, in which he proffered Mr. Guidry's March 28, 2019 expert report and attached it to his opposition.

The impetus for Mr. Thibodeaux obtaining the arborist report was the disclosure by defendants, after the filing of their motion for summary judgment, of the home inspection report. Upon receipt of the previously undisclosed home inspection report, Mr. Thibodeaux's counsel advised defense counsel, in January of 2019, of her intent to obtain an expert arborist. Mr. Thibodeaux filed his motion to extend expert deadlines on February 28, 2019, before the expiration of discovery deadlines and almost three months prior to the continued hearing on the motion for summary judgment. Under these unique circumstances, we find that the trial court should have considered Mr. Guidry's report.[5] Upon our *de novo* review, we therefore consider Mr. Guidry's proffered report, but find, as discussed *infra*, that his report does not change the outcome of the motion for summary judgment.

We now turn our attention, by conducting a *de novo* review of the evidence, to whether summary judgment was appropriately granted in this matter. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Ricalde v. Evonik Stockhausen, LLC*, 16-178 (La. App. 5 Cir. 9/22/16), 202 So.3d 548, 551-52, *writ denied*, 16-1923 (La. 12/16/16), 212 So.3d 1170.

---

[5] We note that Mr. Guidry's report, as proffered, was not a sworn statement and therefore would not be considered competent summary judgment evidence; however, upon receipt of Mr. Thibodeaux's supplemental opposition with the attached proffer, defendants did not object to the report on that basis. *See* La. C.C.P. art. 966(D)(2).

Mr. Thibodeaux's claim for damages is governed by La. C.C. art. 2317.1, which reads as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Thus, to recover damages caused by a defective thing, a plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused damage, and that the defendant knew or should have known of the defect. *Luquette v. Great Lakes Reinsurance (UK) PLC*, 16-422 (La. App. 5 Cir. 12/21/16), 209 So.3d 342, 348, *writ denied*, 17-136 (La. 3/13/17), 216 So.3d 806.

With regard to the element of knowledge, a plaintiff must prove that the defendant had actual or constructive knowledge of the vice or defect. The concept of constructive knowledge imposes a reasonable duty to discover apparent defects in things under the defendant's garde. Constructive knowledge can be found if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. *Boutin v. Roman Catholic Church of Diocese of Baton Rouge*, 14-313 (La. App. 5 Cir. 10/29/14), 164 So.3d 243, 246-47, *writ denied*, 14-2495 (La. 2/13/15), 159 So.3d 469.

In the present case, the trial court granted defendants' motion for summary judgment on the basis that Mr. Thibodeaux failed to produce factual support sufficient to establish the existence of a genuine issue of material fact as to the essential element of Mr. Thibodeaux's claim that Mr. Romano knew, or in the

exercise of reasonable care, should have known of any ruin, vice, or defect of the tree which caused the damage. On appeal, Mr. Thibodeaux challenges that determination and maintains that summary judgment was not appropriate because a material issue of fact existed as to whether Mr. Romano had notice of the allegedly defective tree. Mr. Thibodeaux asserts that Mr. Romano clearly had both actual and constructive notice of the hazardous condition that caused his injuries and failed to take action to prevent this accident from happening. In particular, Mr. Thibodeaux suggests that the tree itself provided Mr. Romano with constructive notice of the hazard insofar as it was a very large oak tree with long branches hanging directly over the public roadway. Further, Mr. Thibodeaux asserts that Mr. Romano had actual notice of the defective tree at least one year prior to the accident through the home inspection report that addressed issues relating to the tree.

In response, defendants assert that Mr. Thibodeaux failed to rebut the motion for summary judgment with any evidence indicating that he would be able to prove that the tree had a defect and that Mr. Romano was or should have been aware of the defect, and therefore, the motion for summary judgment was properly granted. Defendants maintain there is no legal support for Mr. Thibodeaux's assertion that the mere hanging of the large tree limbs over the public roadway put Mr. Romano on notice that the tree should be inspected regularly to prevent the falling of limbs. Also, defendants dispute Mr. Thibodeaux's assertion that the home inspection report put Mr. Romano on notice about the defective condition of the tree. They specifically note that Mr. Rowley's report did not once mention that the tree presented a hazard of limbs falling on the roadway but rather mentioned the potential concerns with the tree pertaining to plumbing, foundational risks, and damage to the roof or electrical lines due to the tree's close proximity to them.

In the present case, based on our *de novo* review of the motion for summary judgment and supporting exhibits, defendants met their initial burden of pointing out the absence of factual support for Mr. Thibodeaux's claim that Mr. Romano either knew or should have known of the ruin, vice, or defect of the tree located on his premises.  In particular, defendants presented an excerpt from Mr. Thibodeaux's deposition, in which he stated that he grew up in the neighborhood, had driven down the street and passed that tree prior to the accident, and had never thought that the tree or branch looked like it was going to fall down.  Further, when Mr. Thibodeaux was asked whether he had any indication that part of the tree was going to fall, he replied, "I had no idea."  In his deposition testimony, Mr. Thibodeaux described that the piece of the tree that fell had branches and leaves on it, which were "all green as green can be."  Mr. Romano's affidavit was also submitted in support of the motion for summary judgment.  Therein, Mr. Romano stated that he is the owner of the immovable property located at 401 Papworth Avenue in Metairie and that he "had no knowledge or reason to know of any vice, ruin, or defect which was or may have been present in a tree located on his immovable property prior to August 5, 2015."

Mr. Thibodeaux thereafter failed to produce factual support to show that he will be able to satisfy his evidentiary burden at trial.  To support his argument that there is a genuine issue of material fact regarding Mr. Romano's notice of the allegedly defective tree, Mr. Thibodeaux relies heavily on Mr. Rowley's deposition and home inspection report.  In his deposition, Mr. Rowley, relying on his report summary to Mr. Romano, acknowledged that he referenced the tree in the grounds category, under landscaping, as follows:

> The following concerns were noted at landscaping.  Maintenance needed, trees planted close to the structure, trees are touching or overhanging the roof.  Damage is possible.  Large tree located on the property.  That may present problems now or in the future with drainage, plumbing or foundation conditions.  Recommend

monitoring the situation for problems and consult with an expert as needed.

Mr. Rowley also noted in the electrical section of the report that the tree branches were touching the power lines and recommended that those limbs be trimmed. When asked to explain his concerns about the tree, Mr. Rowley stated that from a home inspector's perspective, a large tree close to the house can potentially pose problems to plumbing, foundation, and the drainage of the site. Also, the branches resting on the roof could wear out the shingles and damage the roof, and the branches touching the power lines could cause those wires to be damaged or torn down.

In his deposition, Mr. Rowley stated that he is not an arborist and that he was looking at the condition of the tree as it relates to the structure. Mr. Rowley expressed that at the time he did his report, he was not aware that there was an imminent chance of any part of the tree falling. He relayed that if he had seen something that looked dangerous with regard to the tree, he may have noted it. Considering Mr. Rowley's deposition and home inspection report, along with the other permissible supporting documents submitted by Mr. Thibodeaux, we find no evidence that establishes a genuine issue of material fact exists as to Mr. Romano's notice of the allegedly defective condition of the tree.

On appeal, Mr. Thibodeaux insists that in light of Mr. Rowley's deposition testimony, which clarified his report, reasonable minds can certainly differ as to the interpretation of the contents of the inspection report and whether this report provided the requisite notice to Mr. Romano of the unreasonable risk of harm created by the large oak tree in his front yard. We disagree. La. C.C.P. art. 2317.1 is clear that the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the

damage. While Mr. Romano was advised through the inspection report that the large tree with the overhanging branches could present potential issues with regard to the structure of the house, the evidence presented failed to show he was, at any point, notified of any defective condition with respect to the health of the tree. Neither the inspection report, nor Mr. Rowley's deposition, indicated that the tree or any limbs were dead or that any limbs hanging over the roadway created an issue. Rather, the only concerns expressed with the overhanging limbs were that the ones touching the roof and power lines could possibly cause damage to the roof and the electrical wires.

Mr. Thibodeaux argues that Mr. Romano was advised in the home inspection report that he should obtain a tree expert to inspect the tree, thereby suggesting that if he had done so he would have been advised of the concerns regarding the condition of the tree noted in Mr. Guidry's report. We disagree with Mr. Thibodeaux's assertion that Mr. Romano was advised to have a tree expert inspect the tree. Mr. Rowley's home inspection report specifically stated: "[r]ecommend monitoring the situation for problems and consult with an expert *as needed*." (emphasis added).

The recommendation to consult with an expert, with the qualification "as needed," clearly indicates that Mr. Romano should consult with an expert *if* his observations of the tree, from his "monitoring the situation for problems," suggested to him that the tree might cause damage to the home or electrical lines due to its close proximity to them. Nothing in the home inspection report indicated that any portion of the tree was in danger of imminent collapse or that the tree was in any way otherwise unhealthy. In fact, Mr. Rowley testified that he was not inspecting the tree for that purpose and that he is not qualified to give such an assessment.

Mr. Thibodeaux has not submitted any evidence to suggest that any feature of the tree observable to a layperson monitoring the tree should have prompted Mr. Romano to consult with a tree expert prior to this incident.  Not only did Mr. Thibodeaux himself testify that he had observed the tree on a number of occasions prior to the incident and did not see any indication that the tree was in danger of falling down, but Mr. Guidry's report includes the observation that "[w]hile the tree may appear to be in a state of good health, structurally it is compromised," a clear indication that the defects identified by Mr. Guidry would not be known to Mr. Romano upon mere observation of the tree.  We therefore conclude that Mr. Guidry's report does not raise a genuine issue of material fact as to Mr. Romano's knowledge of any defects of the tree, and that the defects identified by Mr. Guidry are irrelevant to the question of Mr. Romano's knowledge.

## CONCLUSION

Based on the foregoing, we find that Mr. Thibodeaux failed to prove that he could meet his evidentiary burden at trial and, thus, summary judgment is appropriate in this case.  Accordingly, the judgment of the trial court is affirmed.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 20, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-458**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
D. PATRICK KEATING (APPELLANT)          SIMONE R. NUGENT (APPELLANT)          JARRED BRANDON KINNETT (APPELLEE)
JAMES L. DONOVAN, JR. (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED