| | |
|---|---|
| SHMENA THOMPSON | NO. 22-CA-397 |
| VERSUS | FIFTH CIRCUIT |
| DOLLAR UP LA LLC AND STATE FARM FIRE AND CASUALTY COMPANY | COURT OF APPEAL |
| | STATE OF LOUISIANA |


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 810-312, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING


March 29, 2023


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.


**AFFIRMED**
    **JJM**
    **SMC**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
SHMENA THOMPSON
    Byron M. Forrest

COUNSEL FOR DEFENDANT/APPELLEE,
DOLLAR UP LA, LLC AND STATE FARM FIRE AND CASUALTY
COMPANY
    John E. McAuliffe, Jr.

**MOLAISON, J.**

Plaintiff/appellant, Shmena Thompson, has appealed the grant of summary judgment in favor of Dollar Up, LLC ("Dollar Up") and its insurer, State Farm Fire and Casualty Company ("State Farm"). For the reasons that follow, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On July 3, 2020, Ms. Thompson was a patron at Dollar Up, a retail store located in Metairie. While in the store, she slipped and fell on what she described as a wet area "about the size of [her] foot." She "assumed" the substance on the floor was water since it had been raining that day. Ms. Thompson was helped up by another patron and proceeded to the register to check out. She informed the cashier, later identified as Dong Yang, that she had fallen in the store. According to Ms. Thompson, an unidentified female worker came over and "smeared" the water on the floor. Once Ms. Thompson was outside of the store, she "googled" the store and sent a message stating that she had fallen in the store. She received a response to contact State Farm.

On September 17, 2020, Ms. Thompson filed a petition for damages against Dollar Up and State Farm alleging that she sustained injuries when she slipped and fell on a wet floor "located at or near the entrance of the door." She alleged that "rainy weather on the day of the accident caused water to begin to pool" on an aisle in the store. She alleged that the wet floor existed for a period of time sufficient to give defendant constructive notice of the danger and that defendant failed to exercise reasonable care to alleviate wet areas and alert customers to the "constant threat of water that might drip to the floor as a result of other customer's activities." Ms. Thompson alleged that she sustained injuries to her thoracic and lumbar spine, right shoulder, wrist and knee. Dollar Up and State Farm answered the petition denying any liability.

On April 22, 2022, the defendants filed a motion for summary judgment arguing that Ms. Thompson cannot carry her burden of proof at trial under La. R.S. 9:2800.6, the Louisiana Merchant Liability Statute, because Ms. Thompson cannot put forth any evidence that Dollar Up had actual or constructive notice of the liquid on the floor.[1]  In support of this motion, defendants attached plaintiff's deposition in which she testified that she had walked past the location of her fall on three occasions just prior to the fall and did not notice anything on the floor.  Defendants went on to argue that plaintiff had no information as to how the liquid came to be on the floor, nor how long it had been on the floor.

Ms. Thompson opposed the motion for summary judgment arguing that she testified that she believed that "the water was related to the rain that day, possibly from another customer's umbrella."  Plaintiff went on to argue that the video of the fall shows another customer obstructing the view of the floor where the fall occurred and this supports her "contention that another customer could have dripped the rainwater onto the floor."  Ms. Thompson argued that although Mr. Yang testified that the store's employees "encourage" customers to leave umbrellas at the front of the store and that employees "regularly" walk and inspect the store for hazards, Mr. Yang could not specifically testify about any customers that were asked to leave umbrellas at the front of the store on the day of the fall. Plaintiff argued that although Mr. Yang testified that he checked the area while opening the store, he "was unable to provide any further specifics about when he, or the other employee, inspected the store" prior to plaintiff's fall.

At the hearing on the motion for summary judgment, held on June 29, 2022, counsel for plaintiff stated that he should have filed a motion to continue the hearing on the motion for summary judgment because there is more discovery to

---

[1] Defendants' brief states:  "defendants do not challenge plaintiff's claim that after her fall, she noticed clear liquid on the floor."

do in this case. Specifically, plaintiff's counsel argued that about five days after the fall, he sent a letter to State Farm requesting that the surveillance videos for the entire day be retained. Instead, only about a minute of the videos were retained that depict plaintiff's fall. Plaintiff's counsel stated that he also needed to take the deposition of the other worker that was in the store on the day of the fall. The trial judge denied the motion to continue, noting that the case had been filed nearly two years earlier. At the conclusion of the hearing, the trial judge granted the motion for summary judgment. A written judgment granting the motion was signed on June 29, 2022 and written reasons for judgment were signed on July 19, 2022. This timely appeal followed.

## LAW AND DISCUSSION

### Denial of Continuance

When a party alleges that discovery is incomplete, a trial court has the discretion either to hear the summary judgment motion or to grant a continuance to allow further discovery. Laforge v. Golden Nugget Lake Charles, LLC, 20-110 (La. App. 3 Cir. 11/4/20), 307 So.3d 266, 270. The trial court's denial of a request to continue the hearing on a motion for summary judgment when discovery is alleged to be incomplete is reviewed by the appellate court under the abuse of discretion standard. Id.

In addressing an allegation that summary judgment was prematurely granted because adequate discovery had not been completed, four relevant factors to consider are: (i) whether the party was ready to go to trial, (ii) whether the party indicated what additional discovery was needed, (iii) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it, and (iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment. Bass P'ship v. Fortmayer, 04-1438 (La. App. 4 Cir. 3/9/05), 899 So.2d 68, 75.

In the instant case, plaintiff was not ready for trial. Plaintiff's counsel indicated that further discovery into why the entirety of the videos for the day of the fall were not preserved was needed. Plaintiff's counsel further indicated that he wanted to take the deposition of the other worker that was in the store at the time of the fall. The discovery issue was raised prior to the ruling on the summary judgment. However, plaintiff's counsel did not indicate what, if any, steps had been taken to pursue further discovery between the time the motion for summary judgment was filed and the hearing on the motion. As pointed out by the trial judge, this case had been pending for nearly two years at the time of the hearing on the motion for summary judgment. Given that there is no indication in the record as to what, if any, steps were taken by plaintiff's counsel to conduct any type of discovery between the time the motion for summary judgment was filed and the hearing on the motion, we cannot say that the trial judge abused his discretion by denying the motion to continue the hearing on the motion for summary judgment to conduct further discovery. Moreover, our jurisprudence has acknowledged that, despite the contention that further discovery is needed, summary judgment is not premature when the issue presented is purely a legal one and additional discovery will not change the result. Laforge, 307 So.3d at 270. In the instant case, the issue is whether plaintiff can carry her burden of proving that Dollar Up had actual or constructive knowledge of the wet floor prior to plaintiff's fall. As will be discussed *infra*, plaintiff admitted in her deposition that shortly before the fall, she had walked in the area where she fell three times and did not notice any wet areas on the floor. Additional discovery would not change this.

Summary Judgment

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled

to judgment as a matter of law. La. C.C.P. art. 966(A)(3). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden then shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880.

A decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Bach v. Bd. of River Port Pilot Comm'rs, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362. Louisiana Revised Statute 9:2800.6 governs merchant liability for slip-and-fall cases and provides in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the

burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> 2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. Bryant v. Ray Brandt Dodge, Inc., 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190, 196. In addition to proving that the condition presented an unreasonable risk of harm that was reasonably foreseeable, the plaintiff must also prove that the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence. Id.

In her petition, Ms. Thompson alleged that she slipped and fell on a wet floor in the store, and that "rainy weather on the day of the accident caused water to begin to pool" on an aisle in the store. She alleged that the wet floor existed for a period of time sufficient to give defendant constructive notice of the danger and that defendant failed to exercise reasonable care to alleviate wet areas and alert customers to the "constant threat of water that might drip to the floor as a result of other customers' activities."

In her deposition, plaintiff testified that she had been in the store about thirty-five to forty minutes prior to her fall. During this time, she had "browsed up and down the aisles." She testified that she passed the area where she fell three times prior to falling and did not see anything on the floor. Plaintiff further testified that the floor was not slippery or "dangerous" before she fell. Ms. Thompson testified that after she fell, she saw the floor was wet. She estimated the wet spot to be "a little bigger" than her foot. She did not know how long the floor had been wet. Ms. Thompson elaborated "it was raining…I assumed it had to be water." In response to questioning, she testified that she did not know how the "wetness" got on the floor, nor how long the water or wetness had been there.

When constructive notice is at issue, the claimant must come forward with positive evidence showing that the damage causing condition existed for some period of time, and that such time was sufficient to place the merchant on notice of its existence. Upton v. Rouse's Enter., LLC, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1200, writ denied, 16-0580 (La. 5/13/16), 191 So.3d 1057.

In the instant case, plaintiff presented no evidence to contradict or otherwise show that Dollar Up knew or, in the exercise of reasonable care, should have known of the alleged defect, i.e., the wetness on the floor. Rather, in opposing defendants' motion for summary judgment, plaintiff made only conclusory statements and unsupported allegations. Plaintiff argued that it was raining on and off before and after the fall, and "circumstantial evidence indicates that rainwater tracked into the store or dripped by another customer likely caused her fall." Plaintiff argues that although Mr. Yang "checked the area while opening the store, he was unable to provide any further specifics about when he, or the other employee, inspected the store on that rainy day prior to Plaintiff's fall." However, plaintiff never came forth with any evidence to show what caused the wetness on the floor or how long this condition existed prior to her fall. Plaintiff passed the

area where she fell three times before the fall and did not notice any wetness on the floor. Plaintiff specifically testified that the area was not "slippery or dangerous" before she fell. Speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6. Johnson v. Federated Mut. Ins. Co., 21-242 (La. App. 5 Cir. 6/23/21), 325 So.3d 578, 583.

Ms. Thompson's failure to produce any evidence that Dollar Up had actual or constructive notice of the wetness on the floor before the fall occurred is fatal to her claim, as the "notice" element is necessary to succeed in proving liability under La. R.S. 9:2800.6. The evidence put forth by defendants, combined with plaintiff's failure to produce any evidence that creates a genuine issue of material fact, indicate that Ms. Thompson will not be able to meet her burden of proof at trial. As such, the trial court correctly granted defendants' motion for summary judgment.

## CONCLUSION

Based on the foregoing, after our *de novo* review of the record, memoranda, exhibits, and the law, we find no genuine issue of material fact and that Dollar Up is entitled to judgment as a matter of law. Accordingly, the trial court judgment granting summary judgment in favor of defendants, Dollar Up, LLC and State Farm Fire and Casualty Company, dismissing plaintiff, Shmena Thompson's claims with prejudice is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-397**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
BYRON M. FORREST (APPELLANT)

### MAILED
JOHN E. MCAULIFFE, JR. (APPELLEE)
MARIANNE S. PENSA (APPELLEE)
ATTORNEYS AT LAW
3850 NORTH CAUSEWAY BOULEVARD
SUITE 1700
METAIRIE, LA 70002